DUPRIS, C.J.
This matter came before the Court of Appeals (COA) pursuant to an Initial Hearing held on November 19, 2010. At that hearing the COA directed the COA Court Clerk to obtain copies of the oral record of two hearings from the Trial Court, September 9, 2010 and October 28, 2010. The COA Clerk made a request to the Trial Court and the Trial Court Administrator responded that because of a technical error no recording was made of either hearing.
It is established precedent that when an oral record of a hearing is not available, the COA is unable to perform a meaningful review of the record and that matter should be referred back to the Trial Court to make a new record. Basic due process concepts dictate that the general remedy for an inadequate record is reversal and remand for a trial de novo in order to give the Trial Court an opportunity to make a reviewable record. See, George v. George, 1 CCAR 52, 1 CTCR 53 (1991) (we cannot make an adequate ruling on Appeal when there is an inadequate Trial record. The recourse is to remand the matter for a new hearing); Smith v. CFS, et al., 8 CCAR 36, 4 CTCR 24 (2005) (Without an adequate recording, the COA cannot make an informed decision on alleged errors made during the proceeding.); and Misiaszek v. Desautel, AP 10-006 (unpublished, Dec. 2010).
This is the second appeal within a month that has been remanded because a technical error at the trial level caused the oral record to not be recorded.[1] This Court cannot emphasis enough the importance of preserving the Trial Court record for appeal purposes. At a minimum the Trial Court should have procedures in place, and consistently follow them, to ensure a recording is being made each time a hearing is held. This would eliminate the *264 expense of having to retry eases in the future because of a lack of a record.
Remanding this matter will also allow the Trial Court and the parties to address some procedural concerns that were identified at the Initial Hearing. One concern was un alleged lack of notice of the briefing schedule being given to the parties. On the day of the trial, the Appellee/De-fendant made a Motion in Limine regarding a video recording in the custody of the Police Department that was allegedly erased. The Trial Judge reserved ruling on the motion, entering an oral order (not formalized in writing) directing the parties to file briefs on the issue.
Appellee/Defendant filed a written Motion to Dismiss and his brief, but allegedly did not serve the written motion and brief on the Appellant/Plaintiff. There is conflicting evidence in the file whether Appellant/Plaintiff was given notice of the hearing on Appellees/Defendant’s Motion to Dismiss.
In order to minimize future confusion, a judge should always follow up important decisions with a written order, especially oral declarations like briefing schedules and the setting of oral argument hearings. The written order should summarize the issues discussed and the decision rendered.
Also of concern was the alleged lack of service of a brief on a party. While we are not ruling that this lack of service actually took place, we do want to remind the litigants, and the court, that notice is one very basic part of due process. Whenever any document is filed in court, notice of that document must be served on the opposing party, with a few exceptions. None of the documents in this case appear to qualify as an exception to the notice requirement.
The judge is the gatekeeper of due process. It is the Court’s responsibility to ensure adequate notice is provided to every litigant, and to allow everyone who appears in Court to have his say, in his own way. Lezard v. DeConto, 10 CCAR 23, 5 CTCR 25, 9 Am. Tribal Law 119 (2009). It is the judge’s duty to ask, and be answered, as to whether filed documents have been served on the opposing party. Parties must have reasonable notice prior to any substantive hearing to allow the parties time to prepare their respective cases. Gallaher v. Foster, et al., 6 CCAR 48, 3 CTCR 50, — Am. Tribal Law -, 2002 WL 34540612 (07/23/2002).[2]
Based on the opinion herein, now, therefore
It is ORDERED that the Order of the Trial Court entered on October 28, 2010, is VACATED, and the matter REMANDED to the Trial Court for a new hearing.

. Misiaszek v. Desautel, supra, an unpublished opinion in which a civil trial was not recorded, and the Appellant raised issues of fact. The Case was remanded for a new trial.

. Finally, the Motion In Limine was made before one judge, who reserved ruling and requested briefing. The final ruling and the decision on the Motion to Dismiss was made by a different judge. This is a potential irregularity already addressed in In re A.S., L.S., Appellant, 3 CCAR 10, 3 CTCR 15 (1995), and In re S.S., 8 CCAR 36, 4 CTCR 24 (2005). We will not address it herein since the matter is remanded for a new hearing because there is no record of the hearing.