SUMMARY
DUPRIS, Chief Justice, for the Panel.
This matter came before the Court of Appeals (COA) for an Initial Hearing on April 15, 2011. Appellant, Nancy Campbell, (Appellant) and Appellee, Vera Best, (Appellee) both appeared in person and without counsel. This Court reviewed the record and applicable law and found cause to vacate the Order Dismissing the case, and remand the matter to the Trial Court.[1] We note there are procedural irregularities in the Trial Court’s case which evince due process violations. For the reasons below-, we vacate and remand.
FACTS
Appellant alleged in her Notice of Appeal that she did not receive timely notice of the hearing scheduled for January 25, 2011. The Order of Dismissal was filed with the Trial Court on February 23, 2011; this is the Order being appealed.
This case was initially opened in 2006 by Appellee, who filed for custody of the three minor children of Nancy Campbell and Robert Parisién. An Order awarding temporary custody to Appellee was entered by the Trial Court in November 2006.
On August 31, 2010 a new custody petition was filed by Appellee. Allegedly the Trial Court told her that a new petition was necessary, though the Trial Court used the same case number for both petitions. A status hearing was held on September 8, 2010. Temporary custody was extended and a new status hearing set for December 7, 2010.
Appellant filed an answer to the second petition on September 16, 2010. At the same time she also filed for a temporary restraining order and request for a show cause hearing to be set. The Trial Court denied Appellant’s motion for emergency custody.
Prior to the December 7, 2010 status hearing, Appellant requested, and was granted, a continuance of the hearing. The new hearing was set for January 25, 2011 by an Order issued on December 14, 2010.
Appellant failed to appear for the January 25, 2011 hearing. On the record, the Court continued the temporary custody status of the children and ordered a new' status hearing date to be set. The Clerk noted on the In-Court Record that after the hearing, and off the record, the Judge found that Appellant was the moving party, and had failed to appear for the hearing. The Trial Court dismissed the case without prejudice because Appellant failed to appear for the status hearing. Appellant timely filed her appeal, alleging she *420 did not receive notice of the January 25, 2011 hearing.
None of the hearings to date have been on the Petition for Custody filed by Appel-lee, Vera Best. There have not been any hearings on the merits of the Petition and Answer filed yet, although the case was initiated in 2006.
ISSUE
Did the Trial Court err in dismissing a case when Appellant, who is not the petitioner in the case, fails to appear for a status hearing which was continued at her request?
DISCUSSION
In this case, the parties are both pro se litigants. At best, they have a limited knowledge of the legal procedures for moving a case forward. This case has been languishing in the Tribal Court system for approximately five years. While it is normally up to a petitioner to move the case forward, it is also incumbent upon the Court to ensure the timely disposition of custody cases. The Code gives custody cases priority on the civil docket. See CTC § 5-1-125(a). In Carden v. CIHA, 7 CCAR 22, 4 CTCR 08, — Am. Tribal -(2003), we held:
When the Trial Court holds a civil case in abeyance, without a final order, and on conditions, it puts itself in a position to have to monitor a civil case between private parties beyond the time frame considered by statute. It does not give finality to the case.
A review of the status hearings indicated more of a dependency-type ease than a private custody case. It would be more economic to set a hearing on the Petition and Answer in such cases rather than continually monitor how the parties are handling the temporary custody of the children involved. See Rules of Conduct 1.4.01(e) (“A judicial officer shall dispose promptly of the business of his Court.”)
The Order entered on January 25, 2011, indicated that the case was being dismissed because Ms. Campbell failed to appear for her motion hearing. However, a review of the Trial Court case file does not show an outstanding motion for that hearing. The only prior motion filed by Appellant was the motion for an emergency temporary restraining order filed in September, 2010. The Trial Court denied this motion on September 16, 2010. The hearing set on January 25, 2011 was for a status hearing, initiated on the Court’s own request. Further, nothing in the notice that was provided[2] in the Order setting the January 25, 2011 status hearing gave notice to either party that if they did not appear the case would be dismissed. In Lezard v. Deconto, 10 CCAR 23, 5 CTCR 25, 37 ILR 6010, 9 Am. Tribal Law 119 (12-16-2009), we held:
When a person is not given adequate notice of what is to be considered in a hearing, all other procedural rights are impacted. He does not have adequate time to prepare for the hearing, and to submit evidence on his own behalf. Even if the end result appears clear to the judge, the parties have a right to present their evidence in a meaningful manner. The judge is the gatekeeper of due process. It is the Court’s responsibility to ensure adequate notice is provided to every litigant, and to allow ev *421 eryone who appears in Court to have his say in his own way.
The Court further confused the case by dismissing the entire case because Appellant failed to appear for what the Court called a motion hearing. Appellant was not the Petitioner, and the Petitioner did not request a dismissal of the case.[3] Procedurally, even if it were a motion hearing, unless the motion is a specific request to dismiss, a dismissal of the whole case, sua sponte, for failing to appear for the motion hearing is not the usual remedy.
In conclusion, several procedural errors in the case exist, such as: failure to give adequate notice of what is going to take place at the hearing, as well as what would be the consequences if a party did not appear; setting status hearings which appear to be dependency-type hearings in a private custody matter, thereby prolonging the case unnecessarily; and dismissing the case sua sponte because the Respondent failed to appear for a hearing, without even consulting the Petitioner, who did appear. Due process was not provided for the parties herein because of the procedural errors. We so hold.
Based on the foregoing, now, therefore
It is ORDERED that the Order of February 23, 2011, which is directly related to the hearing on January 25, 2011, which dismissed the case, is REVERSED and the case REMANDED to the Trial Court for further actions consistent with this Opinion Order.
Because the parties are pro se, with little if no legal training, we would strongly counsel the Trial Court to move this case towards a permanent custody hearing, with adequate notice as required in George v. George, 1 CCAR 52, 1 CTCR 53 (1991), and Lezard v. Deconto, supra.

. COACR 12: At the Initial Hearing, the COA shall decide: 1) Whether the fact and/or laws as presented warrant a limited appeal on issues of law and/or of fact; or 2) Whether a new trial should be granted; or 3) Whether the appeal should be denied or dismissed.

. Appellant states she did not receive notice of the hearing set on January 25, 2011, which was the initial basis for her Appeal. The procedural problems in the case, along with our rulings on them, make a consideration of whether she received such notice or not moot, so we will not address the issue.

. In fact, Appellee/Petitioner, who did appear for the January 25, 2011 hearing, stated at the Initial Hearing that she did not want the Trial Court to dismiss the case. She did not have input in the Trial Court's decision to do so.