DUPRIS, C.J.
SUMMARY
Appellant was charged with a criminal offense in the Trial Court. Just prior to the date set for trial, Appellee filed a motion to continue the jury trial date. It was noted in the motion that counsel for Appellant had been notified of the motion but had not responded with any objection. The judge signed the order, which did not have a new jury date assigned yet. Appellant received an e-mail from Appellee that the continuance had been granted. Though the Court was out of the office on training, Appellant obtained a copy of the signed order which still did not have a new date assigned. He immediately filed an interlocutory appeal challenging the continuance because he did not consent to the continuance and it would have put the jury trial beyond the speedy trial limit[1]. An emergency hearing was held by conference call on November 14, 2011. The COA heard from the parties and then issued a Minute Order which reversed and remanded the matter to the Trial Court for a hearing on the issue of the continuance.
STANDARD OF REVIEW
We review findings of fact under the clearly erroneous standard, and errors of law de novo. Colville Confederated Tribes v. Naff, 2 CCAR 50, 2 CTCR 08, 22 ILR 6032 (1995); Wiley, et al. v. Colville Confederated Tribes, 2 CCAR 60, 2 CTCR 09, 22 ILR 6059 (1995); Palmer v. Millard, et al., 3 CCAR 27, 2 CTCR 14, 23 ILR 6094 (1996) (Because the Tribal Court dismissed the case below as a matter of law, we review the matter de novo.); Pauley v. CCT, 4 CCAR 38, 2 CTCR 39, 25 ILR 6024, — Am. Tribal Law-(1997) (The Appellate Court engages in de fiovo *201 review of assignments or errors which involve issues of law); In re Welfare of R.S.P.V., 4 CCAR 68, 3 CTCR 07, 26 ILR 6039, — Am. Tribal Law - (1998). Our review of this matter will be de novo as the issues are a both questions of law and fact.
ISSUES
1. Are there adequate grounds stated for the Court of Appeals to review this matter as an Interlocutory Appeal?
2. Did the Trial Court err in granting the Motion to Continue ex parte without the concurrence of the Appellant or setting it for hearing?
DISCUSSION

Issue 1. Are there adequate grounds stated for the Court of Appeals to review this matter as an Interlocutory Appeal?

Court of Appeals Court Rule (COACR) 7-A specifies that the Appellant must show adequate grounds before the COA will review an interlocutory appeal. In the instant case, the appellant is incarcerated in jail and any new trial date would potentially be set beyond the limit allowed for the speedy trial rule; that Appellant did not waive his speedy trial rights; and that the Trial Court judge issued an ex parte order which was issued on a motion that was not joined in by opposing counsel and which counsel was not given an opportunity to be heard on his opposition to the continuance. Immediate review of this matter would materially advance the ultimate termination of the litigation and the Trial Court has so far departed from the usual course of judicial proceedings as to call for a review by the COA. We find that Appellant has shown sufficient grounds for the COA to review this Interlocutory Appeal.

Issue 2. Did the Trial Court err in granting the Motion to Continue ex parte without the concurrence of the Appellant or setting it for hearing?

Colville Tribal Law and Order (CTLOC) Code Section 1-2-10, Timely Filing of Motions, specifies that written motions must be filed at least five (5) days prior to a hearing. Opposing motions shall be filed at least one (1) day prior to the hearing. Motions must be supported by an affidavit, which must be filed with the motion. All motions are to cite governing rules and/or laws of the Colville Tribe. CTLOC § 1-2-8 specifies that a party must serve any legal document on opposing counsel at least three (3) days prior to trial.
“[NJotice is one very basic part of due process. Whenever any document is filed in court, notice of that document must be served on the opposing party, with a few exceptions.” CCT v. Dogskin, 10 CCAR 45, 5 CTCR 31, 9 Am. Tribal Law 262 (2011). The judge is the gatekeeper of due process. It is the Court’s responsibility to ensure adequate notice is provided to every litigant, and to allow everyone who appears in Court to have his say, in his own way. Lezard v. DeConto, 10 CCAR 23, 5 CTCR 25, 36 ILR 6010, 9 Am. Tribal Law 119 (2009). Basic principles of due process include notice and the opportunity to be heard. Finley v. CTSC, 9 CCAR 71, 5 CTCR 18, 36 ILR 6004 (11-21-2008).
In the instant case, a jury trial had been set for November 10, 2011. Appellee filed its motion on November 8, at approximately 2:12 p.m.[2] It was noted in the *202 Motion that notice had been given to Appellant, but no response had been received. However, no affidavit of service was attached to the motion, contrary to CTLOC § 1-2-10, which would indicate when Appellant was served and if he had adequate time to respond to the motion. At approximately 2:23 p.m.[3], on that same day, the Order was signed by a judge. The Order was apparently then given to a clerk to insert a new trial date.
We find that there were several errors committed by the Court. First, the Court acted on a Motion that was not supported by an Affidavit[4]. Affidavits are statements of facts regarding the issue at hand which are sworn to before an officer who has authority to administer an oath, such as a Notary Public. The person making the affidavit is stating that to the best of his/her knowledge, the contents of the affidavit are true.
Second, the Motion was not timely filed. CTLOC provides that motions are to be filed at least five (5) days prior to any hearing. The instant motion was filed less than two (2) days prior to the jury trial. The additional witnesses were known for at least a month prior to the trial. It was not noted in the Motion what efforts were done to locate them, if they had even been subpoenaed, or what weight their testimony might provide to the ultimate decision of the trier of fact. As to the officer’s vacation, it was not noted when the Tribes received notice of the vacation plans, when was the officer subpoenaed, or what weight his/her testimony might affect the outcome of the trial.
Third, the Trial Court did not allow adequate time for the Appellant to respond to the Motion. CTLOC 1-2-10 allows the non-moving party one day prior to a hearing in which to respond to motions. In this case, the judge signed the Order within minutes of it being filed. It appears that no attempt was made by the Court to determine if service had been given to the Appellant, if he was in concurrence with the motion or if he had any arguments against the continuance. Had the Court held an immediate hearing, an agreement might have been made which would have moved the trial forward on the original day or found some other way in which to not violate the Appellant’s speedy trial rights.
While this Court is cognizant of emergency circumstances, the issues as cited in the Motion do not rise to the level which would overcome the burden to protect the Appellant’s speedy trial rights. Any one of the errors committed alone might have been harmless error, their cumulative effect was of a denial of Appellant’s right to due process. We find that the Trial Court erred in granting the Motion to Continue without concurrence by the defendant and by not holding a motion hearing.
CONCLUSIONS
The Trial Court erred by granting a Motion to Continue which potentially would be scheduled for a date beyond the speedy trial limit and which 1) was not supported by an Affidavit; 2) was without adequate evidence that the motion was served on Appellant by having an Affidavit of Service attached; 3) did not contain an acknowledgment that Appellant concurred with the motion; and 4) a hearing on the motion was not held. This matter is Remanded to the Trial Court to schedule a hearing on the Motion to Continue and *203 Appellant’s reply. The Order issued on November 8, 2011 is hereby Reversed.
It is SO ORDERED.

. The original jury trial date was set for November 8, 2011. Speedy trial limit was November 18, 2011. Jury trials are held on the 2nd and 3rd Thursday of each month.

. Motion/Order to Continue. “Filed” stamped, page 1 [Motion], "2011 Nov -8 PM 2:12.”

. Motion/Order to Continue. "Filed” stamped, page 2 [Order], "2011 Nov -8 PM 2:23."

. CTLOC § 1-2-10. "Motions shall be supported by affidavit, which shall be served with the motion."