DUPRIS, C.J.
Appellant, Kendra Tonasket, filed an Interlocutory Appeal on June 13, 2012, alleging the Trial Court wrongfully granted a continuance of her Jury Trial from June 15, 2012 to June 27, 2012, which is six (6) days beyond the 60-day limit. The Appel-lee, Colville Confederated Tribes (Tribes) did not file a response within the requisite time. COACR 6-A.
Appellant alleges, as grounds for the Interlocutory Appeal, first that the Trial Court has so far departed from the accepted and usual course of judicial proceedings as to call for review by the Court of Appeals (CoA). COACR 7-A(c). Further, Appellant alleges her civil rights are violated in that she is being held beyond sixty (60) days without findings to support the extension. COACR 7-A(d).
We granted an interlocutory appeal in which the Trial Court set a jury trial beyond the speedy trial limits. Yallup v. CCT, 11 CCAR 1, 6 CTCR 1, 10 Am. Tribal Law 199 (2011). Yallup is distinguishable from this case, however. In Yallup we held that the Trial Court made a series of procedural errors, whose cumulative effects were to deny the Appellant due process.[1] These procedural errors are not present in this case.
The Trial Court had sufficient facts before it to make its decision on the question for a continuance; the Appellee stated cause, which was accepted by the Court; the Appellant had an opportunity to object and state her reasons to the Trial Court. There does not appear to be any departure from the accepted and usual course of business to support an interlocutory appeal under COACR 7-A(c).
In Yallup, supra, we did hold the Trial Court erred in setting the trial beyond the requisite time required by the speedy trial date, and we found it violated the appellant’s civil rights to do so. What is different here is Appellant was able to participate in the decision-making portion of the hearing on the continuance. This Court has not been shown why a seven (7) day extension would prejudice the appellant. As we recognized in Yallup, each procedural error could be harmless error; it was the cumulative effect which rendered the continuance in violation of Yallup’s civil rights. There is no cumulative group of *218 harmless errors herein. There is a trial judge managing a case within the parameters of the judge’s discretion.
It appears from the record that Appellant was granted bail; she apparently just didn’t post it or request for a reduction. CTC 2—1—1—2, Time of Trial, has four (4) scenarios in which a time frame is set for trial after a defendant’s initial hearing. 2-1-130, Bails and Bonds-Generally, allows a defendant to be admitted to bail on certain conditions. CTC 2-1-133, Denial of Bail, Detention, provides for reasons a defendant may not be allowed bail.
The Trial Court record does not clearly show under which provisions Appellant is being held for bail, thereby defining Appellant’s speedy trial rights as 90 or 60 days. This question is not ripe for our review.
For the reasons stated, there are no grounds stated to grant an Interlocutory Appeal in this matter, and the request is DENIED and the matter REMANDED to the Trial Court for further action in accordance with this Opinion.
It is so ORDERED.

. The Trial Court granted the Tribes’ Motion to Continue when it 1) was not supported by an Affidavit; 2) was without adequate evidence that the motion was served on Appellant by having an Affidavit of Service attached; 3) did not contain an acknowledgment that Appellant concurred with the motion; and 4) a hearing on the motion was not held. Yallup, supra, at 202.