BASS, J.
This matter comes before the Court of Appeals (COA)from a criminal case initially filed in 2009. There were several continuances throughout the course of this case, almost all based on Appellee’s request and/or situation. Subsequently Ap-pellee moved the Trial Court for an Order of Dismissal, which was granted. The Trial Court dismissed the case with prejudice. Appellant timely filed an appeal requesting that the dismissal be amended to reflect that the dismissal was without prejudice.
The COA is concerned counsel for the Appellee, Daryl Rodrigues, did not *417 appear for the initial hearing or the oral argument hearing. There was no notice or explanation by Mr. Rodrigues why he did not appear. Once undertaken, representation of a party, especially in a criminal case where criminal penalties are possible, requires at a minimum, appearances at hearings in the case. To abandon a client at a critical stage of the proceedings cannot be condoned. A show cause hearing has been set and notice given in a separate order.
ISSUES
1) Did the Trial Court err by finding the Appellee’s right to a speedy trial was violated?
2) Did the Trial Court err by dismissing the case with prejudice?
3) Did the Appellee make improper ex parte contact when he presented a proposed Order to the Trial Court without having first obtained the Appellant’s written position on the proposed Order?
4) Did the Trial Court err in denying the Appellant’s motion for a presentment hearing on the proposed order?
STANDARD OF REVIEW
The issue is a question of law which we review de novo. Colville Confederated Tribes v. Naff, 2 CCAR 50, 2 CTCR 08, 22 ILR 6032 (1995).
DISCUSSION
1. DID THE TRIAL COURT ERR BY FINDING THE APPELLEE’S RIGHT TO A SPEEDY TRIAL WAS VIOLATED?
The Appellee was arraigned on May 15, 2009 and plead not guilty. Pretrial and jury trial dates were set. Continuances were requested and granted. Subsequently, Appellee was held in custody until August 12, 2009, when he was taken to the hospital. About a week later, the Tribes requested a medical furlough, which was opposed by the Appellee. However, the Trial Court granted the medical furlough and instructed that the Appellee notify the Court when he was “released from doctor & show proof to court.” Nothing was received from Appellee for several weeks. On September 24, 2009, the Tribes moved to revoke the medical furlough. An order granting the motion was entered 4 days later. The order also specified that the Appellee was to be held pending the next hearing. Apparently Appellee was finally brought before the Trial Court in March 2010 and was put back on the trial track. In May 2010, Appellee moved to change his plea and vacate the trial. A plea offer had been accepted. There were then five (5) continuances through August 2010. There were no entries until a status hearing was held in June 2011 and a bench warrant issued. The warrant was returned that same day. A status hearing was held October 31, 2011. Then November 4, 2011, a motion was entered for the dismissal. The motion was granted November 14, 2011.
The Appellee has a right to a speedy trial. See Stoneroad-Wolf, 8 CCAR 84 and Marchand v. Colville Confederated Tribes, 8 CCAR 18, 4 CTCR 19, — Am. Tribal Law-(2005). In Coleman v. Colville Confederated Tribes, 2 CCAR 1, 1 CTCR 74 (1993), this court ruled that there was no violation of the speedy trial rule where the Appellee was incarcerated for more than 60 days because:”. .. this Panel does not believe the 60 day rule is an inflexible rule ...”, and after examining the circumstances found no violation. In Stensgar v. Colville Confederated Tribes, 2 CCAR 20, 1 CTCR 76 (1993), court adopted the following factors to examine whether the right to a speedy sentence had been violated: The length of *418 the delay; the reason for the delay; whether or not the Appellee asserted his right; and prejudice to the Appellee’s interests, including prevention of oppressive pretrial incarceration, minimization of anxiety and concern of the accused, and limitation of the possibility that the defense will be impaired.
This court adopts the flexibility approach to violation of speedy trial rights, and will examine the same factors in determining whether the speedy trial rights have been violated as set forth in Stensgar, supra., for speedy sentencing rights, and adding another factor to consider, to wit, the length of the incarceration of the Ap-pellee. In this case there was a lengthy delay between the date Appellee was arraigned on the charges, May 15, 2009, and the date of the dismissal of the charges, November 14, 2011. The Appellee was incarcerated a total of 89 days during the time period between May 15, 2009 and August 12, 2009. The original trial was scheduled for July 9, 2009. That trial date was within the 60 day limit for defendants who are incarcerated, as Appellee herein was.
The whole series of delays in this case started with a motion by Appellee to continue the readiness for trial hearing, indicating that Appellee would sign a speedy trial waiver. The motion stated that Appellee was serving time on an unrelated matter, as well as being held on the charges in the present case. The Trial Court continued the matter on Appellee’s motion. Three facts should be considered as a result of this motion: absent the Appellee’s motion, Appellee would have had a trial within the 60 days required; Appellee was serving jail time on an unrelated matter, not simply on the charges in this case; and Appellee and or his attorney promised something they did not deliver on, that there would be a speedy trial waiver signed by the Appellee.
The next continuance was in response to a motion by Appellee on August 12, 2009 for a continuance due to the Appellee being in the hospital, and that continuance was granted on August 12, 2009. A motion was then filed by Appellant, for a medical furlough on August 18, 2009, which the Trial Court also granted. The medical furlough order released Appellee from custody until he obtained a release from a doctor and showed that proof to the court. Appellee was released from the hospital at some point, but apparently never obtained a release from a doctor and showed proof to the court. We do know that he appeared in court on March 15, 2010, as he signed an Order releasing him on his personal recognizance. He apparently remained out of custody until he was arrested on a warrant on October 28, 2011.
A continuance was granted just before the trial date of May 20, 2010 when Appel-lee moved to vacate the trial date and set the matter for entry of a plea pursuant to a plea offer from Appellant. The matter was scheduled for entry of a plea on June 25, 2010. There was no plea entered on June 28, 2010. The change of plea hearing was continued to August 20, 2010.
On August 18, 2010, Appellee’s spokesperson requested a continuance of the change of plea hearing because Appellee accepted a plea offer from Appellant, and indicated that the Appellee had some sort of infectious disease. The public defender was to obtain medical records in order to verify his client’s condition and when he would be able to come to court. An Order was entered denying the continuance until August 20. In the denial order, the Trial Court ordered the public defender to file proof by August 20 that the public defender had contact with the Appellee and obtained an updated address and phone num *419 ber for the Appellee. Failure to provide the proof would result in a bench warrant being entered. Apparently the proof was filed because on August 20, 2010, the Trial Court entered an order continuing the change of plea hearing, but failed to enter the new hearing date on that order.
On August 27, 2010, the Tribes filed a motion to set a new change of plea hearing date and an Order was entered setting a date set for a change of plea for October 8, 2010.
Appellee did not come to court on October 8.2010, and a plea was not entered. There was no written order entered on October 8 either. The next action takes place on June 17, 2011. The Trial Court entered a warrant for the arrest of the Appellee. Appellee was arrested on the warrant on October 28, 2011. On November 4, 2011, Appellee filed a motion to dismiss for failure to bring the Appellee to trial within the time set by law. The Trial Court dismissed the charges on November 4, 2011.
Most of the continuances and delays are due to continuances granted on request by the Appellee or his failure to appear in court when scheduled. Applying the flexible approach to analyzing whether Appel-lee’s speedy trial rights have been violated the factors are: 1) The delay was lengthy, but was occasioned mostly by Appellee’s motions for continuances or medical condition, and the Appellee would have had his case tried within the 60 day speedy trial period absent his motion for a continuances; 2) Appellee did not assert his right to a speedy trial until more than two years had passed after arraignment and had twice said he was going to enter into a plea deal which he never honored; 3) oppressive pretrial incarceration certainly was not a factor, as he was released from incarceration on August 18, 2009, until the court had to issue a warrant to get him back to court after his arrest on October 28, 2011; 4) if there was any anxiety or concern on Appellee’s part, it was only caused by his actions; and 5) it was not alleged or proven that his defense would be impaired by the delay occasioned by himself. After considering all of the factors, this COA finds that Appellee’s speedy trial rights were not violated.
2) DID THE TRIAL COURT ERR BY DISMISSING THE CASE WITH PREJUDICE?
Appellee moved for a dismissal with prejudice alleging that the Trial Court violated Appellee’s speedy trial rights. “In Stensgar this Court considered the question of whether the matter had to be dismissed with prejudice because the sentencing took place after sixty days from the finding of guilt. This Court held that the time requirements were jurisdictional, and that the following were factors for the Trial Court to consider in deciding if the dismissal should be with or without prejudice: that the length of delay was minimal; the cause for delay was administrative and not intentional by the prosecutor; the Appellee delayed in asserting his right to sixty days until after the delay happened; and there was no prejudice to the Appellee. Stensgar clearly delineates some guidelines for the Trial Judge to follow in weighing his discretion to grant a dismissal with or without prejudice. We reinforced this discretion in Jack. In Jack the Trial Judge dismissed the charge with prejudice sua sponte. We acknowledged the general rule that dismissals with prejudice are ‘normally reserved for situations in which jeopardy has attached.’ We went on to state that dismissals with prejudice can also be granted ‘when the Judge finds a party has acted in bad faith, or filed a frivolous case, for example.' ” Campbell v. CCT, 8 CCAR 28, 4 CTCR 22, 32 ILR 6140, — Am. Tribal Law-(07-22-05). In this instant case, there is no basis for a *420 dismissal with prejudice. The delay in going to trial was primarily due to Appel-lee’s actions or inactions. The trial was originally scheduled within the proper time restraints. Though Appellee did not properly execute a written waiver of the speedy trial, there was sufficient indication that he orally executed the waiver. He delayed asserting his right through several months and healings. There was no prejudice to the Appellee. We hold that the Trial Court did err in dismissing the charge with prejudice.
3) DID THE APPELLEE MAKE IMPROPER EX PARTE CONTACT WHEN HE PRESENTED A PROPOSED ORDER TO THE TRIAL COURT WITHOUT HAVING FIRST OBTAINED THE PROSECUTOR’S WRITTEN POSITION ON THE PROPOSED ORDER?
On November 4, 2011, counsel for the Appellee presented a proposed order to the Trial Court for a dismissal with prejudice. On the presentment page, it was handwritten that counsel for Appellant “Objects requests presentment or court to prepare its own order.” The Trial Court entered the Order without a hearing, presumably knowing that opposing counsel objected to the order and wished for a presentment hearing. The Order was entered on November 14, 2011. On November 18, 2011, counsel for Appellant filed a Motion and Order for Presentment Hearing. Counsel for Appellee objected, saying “The order was signed over plaintiffs request for presentment and the case is dismissed. Trial Court has no jurisdiction to act and the Tribes’ remedy is appeal only. (Emphasis in order). The Trial Court, however, granted the motion and set a presentment hearing for November 29, 2011. The hearing was held but there was no Order entered by the Court. Apparently the judge let stand his order from Nov. 14.
The judge is the gatekeeper of due process. It is the Court’s responsibility to ensure adequate notice is provided to every litigant, and to allow everyone who appears in Court to have his say, in his own way. Lezard v. DeConto, 10 CCAR 23, 5 CTCR 25, 36 ILR 6010, 9 Am. Tribal Law 119 (12-16-2009). Basic principles of due process include notice and the opportunity to be heard. Finley v. CTSC, 9 CCAR 71, 5 CTCR 18, 36 ILR 6004 (11-21-2008).
Upon a review of the hearing on November 29, 2011, the judge admitted that he must have somehow missed the notation about the objection to the order. However, he did not make any decision as to the validity of the order entered. While we understand that having time to adequately review proposed orders is sometimes limited, in this case we find that it was Trial Court error to have entered an order when one of the parties was clearly objecting to the contents of the proposed order. The Trial Court should have either set a presentment hearing to allow the parties to argue their respective position or given a time limit for the opposing party to submit its own proposed order. The Trial Court could then draft an order from the two which most closely reflected the decision of the Court. We were not presented with any evidence that showed that Appellee did anything more than file the proposed order. Since allegations of ex parte communications are of a serious nature, we hold that Appellant did not meet its burden to prove that there was ex parte communication between counsel and the judge.

b) DID THE TRIAL COURT ERR IN DENYING THE PROSECUTOR’S MOTION FOR A PRESENTMENT HEARING ON THE PROPOSED ORDER?

This issue is moot. The Tribes entered a written motion for a present *421 ment hearing, which was granted by the Trial Court and a hearing set. The hearing was held on November 29, 2011, although no order was issued from that hearing. “In order to minimize future confusion, a judge should always follow up important decisions with a written order, ... The written order should summarize the issues discussed and the decision rendered.” CCT v. Dogskin, 10 CCAR 45, 5 CTCR 31, 9 Am. Tribal Law 262 (02-02-2011). A review of the hearing was not enlightening. The judge heard from both parties about the proposed order, admitted that he may have overlooked the objection, but then didn’t issue a decision about whether the order would be affirmed or not [1]. This left the parties in limbo, so to speak. While we were not asked to rule on the absence of a written order, we want to reiterate that any time that a motion is before the court and argued, there should be a written order issued in order to preserve the issues for appeal. The written order should at least briefly describe why the hearing was originated and what the court decided.
ORDER
Based on the foregoing, the Order Dismissing this case with prejudice by the Trial Court is reversed, and the matter is remanded to the Trial Court for action consistent with this decision.

. In his brief, Appellee alleges that on the November 29, 2012 court date, the Trial Court concluded that the case had already been dismissed and that as no motion for reconsideration had been filed the Court’s jurisdiction was over. A review of the oral record does not reflect that conclusion. In fact, the judge made no findings nor issued a decision.