ANITA DUPRIS, Chief Justice.
This matter came before the Court of Appeals pursuant to the timely filing of a Notice of Interlocutory Appeal by Appellant on March 5, 2014. Appellant is alleging the issue presented involves a controlling question of procedural law and that *312 the decision departs from the accepted and usual court of judicial proceeding. Based on the reasoning below, the Court finds sufficient grounds to remand to the Trial Court for scheduling of an immediate hearing for Unlawful Detainer.
SUMMARY
A civil complaint was filed by Appellant on December 26, 2013, along with a Notice of Summons for Unlawful Detainer. An Order was entered on January 3, 2014, setting this matter for hearing on February 18, 2014. On February 18, 23014, an informal memo was placed in the file by a clerk with stated that another individual (not identified as a party to the action) indicated that Ms. Edwards was incarcerated and that she “somehow wants to continue the court date.” Nothing else was stated. On that day, the judge entered an order continuing the hearing to March 5, 2014 for cause, stating that the respondent was in jail and it was unknown for what or for how long. Three days later, Appellant filed a “Motion to Proceed with Hearing on March 5, 2014, with Telephonic Appearance by Respondent if Necessary.” The judge entered an order on February 26, 2014 denying the “Motion” and continuing the hearing for an additional 30 days. Appellant then filed this Notion of Interlocutory Appeal.
DISCUSSION
The Chief Justice has broad discretion to review interlocutory appeals and apply applicable law. After a review of the record, the Chief Justice has found that the trial judge did not act objectively in this case when she sua sponte[1] continued the hearing twice, without any actual input from Ms. Edwards[2].
“A judge is to conduct hearing objectively and fairly. This includes conducting the hearing without looking like she is taking one side or the other. Even if the judge hasn’t taken one side or the other, if it looks like she is, this violated procedural due process.” (Emphasis in order) Edwards v. Bercier, 10 CCAR 18, 5 CTCR 23, 37 ILR 6009 (2009).
It is important that the tribal judge maintain his or her objectivity at all times, and respect the roles others have in cases that come before the judge. The judge, as a tribal leader, must not appear to take sides nor appear to rule based on his or her emotions without regard to what the law is in the case.” CCT v. Boyd, 10 CCAR 08, 5 CTCR 21, 36 ILR 6099 (2009).
“Due process guarantees a party the right to participate, it does not mandate that the Court never have a hearing unless and until a party avails himself of the opportunity to participate.” Zavala v. Milstead, 10 CCAR 58, 5 CTCR 38, 10 Am. Tribal Law 195 (2011).
This case was scheduled for an unlawful detainer hearing. On the day of the hearing, the court apparently received a message from someone that the respondent was incarcerated. There is nothing in the record indicating that the respondent her *313 self requested the continuance. It is unclear how the person advising the court of the incarceration was related to the respondent or if that person had any authority to make any requests on behalf of the respondent. In fact, the message just stated that “somehow wants to continue the court case.” Based on this sparse information, the judge sua sponte decided to continue the hearing. A new hearing was set by the judge, apparently without input by the petitioner. The Petitioner apparently did not object to the continuance order after the fact, but wanting to make sure that the newly set hearing would go as scheduled and not waste resources, moved the court to allow the hearing to proceed, even if the respondent had to appear by telephone. No continuation of this hearing was requested, just confirmation that the hearing would proceed as scheduled. The judge denied the motion and entered another sua sponte order for an additional 30 days.
The Chief Justice has reviewed the filing pursuant to COACR 12-A, There was no formal continuance requested in this matter by Ms. Edwards[3]. While it is unfortunate that she was allegedly incarcerated at the time of the hearing, she still has an obligation to defend her position. The initial continuance was apparently made without any input by CIHA. CIHA was denied the opportunity to object to the continuance. Then when CIHA attempted to assure that the next hearing would be held, even if that presence was by telephone [4], the judge decided on her own to continue the hearing yet again. There was no written motion to continue by either party. The judge stated that she would not be in court on the new day and that the hearing would need to be continued anyway. I disagree. There are several judges appointed to the Bench who could have heard the matter on the new day. This was a new filing and not prior decisions had been made by the judge which would require that she continue as the only judge to hear this matter.
CTLOC § 9-3-23, Hearing, states that the Tribal Court shall set an unlawful de-tainer action for hearing expeditiously, no later than thirty (30) days following the date that the defendant must respond to the suit. In this matter, that would have been thirty days after January 16, 2014, i.e. February 15, 2014. The original date of February 18, 2014, did not meet that requirement, but due to court congestion, might be allowed. Ordering a continuance of that date would only be allowed if there was good shown. A possible incarceration by the respondent does not meet that standard, especially when there has been no formal request for continuance., A continuance for an additional thirty days for the judge to be present in court definitely does not meet that good cause standard in this case.
In almost every case there are two sides who need to be heard equally. The petitioner feels that a wrong has been committed against him. He file a complaint in tribal court. The respondent may or may not file an answer within the time limit set by statute. A hearing is set to listen to both sides of the dispute. Time limits for these matters are set by the governing body of the Tribe to ensure that these disputes are heard and settled in a manner that is fair to both sides. Tribal *314 custom dictates that the judge appear unbiased.
“In our court system the cultural approach has been eroded and largely replaced by the non-Indian court system. Because of this, it is the tribal judge’s heightened responsibility to maintain the cultural milieu of the proceedings before it. The judge is a tribal leader, who must make day-to-day decision for the good of the whole community, while at the same time maintaining the integrity of the case for those individuals before him.” Sonnenberg v. Colville Tribal Court, 5 CCAR 09, 3 CTCR 09, 26 ILR 6073 (1999).
“While this Court is cognizant of emergency circumstances, the issues as cited in the Motion do not rise to the level which would overcome the burden to protect the Appellant’s speedy trial rights. Any one of the errors committed alone might have been harmless error, their cumulative effect was of a denial of Appellant’s right to due process. We find that the Trial Court erred in granting the Motion to Continue without concurrence by the defendant and by not holding a motion hearing. Yallup v. CCT, 11 CCAR 01, 6 CTCR 01 (2011).
In the instant case, the judge appeared to disregard the petitioner’s expectation of relief when the judge continued the matter without proper reason to do so. The petitioner followed the law and expected a hearing to be held. That hearing was continued without any input from petitioner and without the proper framework being done by the respondent. The first continuance could be allowed if an emergency was properly documented, but the second continuance did not have a sound basis for being entered. The appellant’s due process rights were violated when the hearing was initially set beyond the thirty (30) day limit and then compounded by the two continuances.
CONCLUSION
Interlocutory cases are still the exception and not the rule; we must consider them on a case-by-case basis. In this particular case, because of the obvious procedural errors, in order to ensure due process to all litigants, I find there were sufficient errors to review the issues raised. Based on by discretion as the Chief Justice, this case is remanded and the Trial Court is directed to set a hearing expeditiously (which is not April 14) within ten (10) days of this Order.

. There seems to be a recurring problem with trial court judges acting sua sponte and not seeking input from both parties before making substantive decisions. We are putting the Trial Court on notice that this problem needs to be addressed.

. CTLOC § 1-2-10, Timely Filing of Motions. A written motion, including those which may bé heard ex parte, shall be filed and served on opposing party no later than five (5) days prior to the time specified for the hearing, unless a different period is fixed by these rules, by order of the Court or for good cause shown. Motions shall be supported by affidavit, which shall be served with the motion .. ,

, There was no followup written motion. It also appears that there was no independent verification that the respondent was incarcerated.

. While not a common practice, appearances by telephone are allowed in most cases when properly requested and good cause for the appearance has been established.